**Richmond.**

Chesapeake & Ohio R. R. Co. v. Hafner's Adm'r.

March 22d, 1894.

Railroad Companies—*Brakeman—Low bridge.*—Such company is not liable for the death of a brakeman who was struck by the fourth sill of a dangerously low bridge after he had passed safely under the three first sills by stooping and lowering his head, when he had full knowledge of the dangerous character of the bridge, and the accident was due to his negligently raising his head too soon, his own negligence being the proximate cause of the injury.

Error to judgment of circuit court of city of Williamsburg, rendered November 26, 1891, in an action wherein John Weckert, administrator of Charles M. Hafner, deceased, was plaintiff, and the Chesapeake and Ohio Railroad Company was defendant. The verdict was for $10,000 damages in favor of the plaintiff. The defendant having filed bills of exception to several rulings of the trial court, brought the case here on error. Opinion states the case.

*H. T. Wickham, W. J. Robertson, Henry Taylor,* and *A. S. Segar,* for plaintiff in error.

*Edmund Waddill, Henley & Peachy,* and *A. C. Peachy,* for defendant in error.

Lacy, J., delivered the opinion of the court.

The case is as follows: The action was trespass on the case by the administrator of Charles M. Hafner, a deceased brake-

man, in the employ of the defendant company, for the negligent killing of his intestate on the 29th day of October, 1890, by collision with an overhead bridge in the city of Williamsburg, while the train on which he was serving as brakeman was passing under said overhead bridge. The jury rendered a verdict for the plaintiff in the sum of $10,000 damages, upon which the trial court rendered a judgment in accordance with the same; whereupon there was a writ of error awarded by this court upon the petition of the plaintiff in error.

The evidence shows that the deceased had been employed by the R. & A. R. R. as brakeman four months before he applied for employment with the plaintiff in error company. Upon application to the plaintiff in error company for employment he was given a free pass over the road from Charlottesville to Newport News, and required to inform himself of his duties and the character of the road. He was a man of full age, with no defect in his eyesight or hearing. He frequently passed under this bridge by day and by night, safely in the discharge of his duty, without injury. On the occasion of the accident which caused his death, he was struck on the head, as is stated by a witness who stood on the bridge and says he heard the blow, by the sill or stringer of the bridge on the west side of the bridge, the train going west at the time of the accident; so that he had passed in safety under three sills of the four supporting the bridge. He stooped or lowered his head under it, and raised it just before he got from under it. The character of the injury received from the collision with this sill was never ascertained, because, descending by the stepladder, he fell off the car, and across the track, and his head was cut in twain by the wheels of the car, and his body otherwise badly mutilated. The bridge is shown to have been a dangerous one, being only 28½ inches above the car, which dangerous character was known to the company, and was also known to the said brakeman. While dangerous in character, its danger could, however, be avoided by stooping low enough in passing

under it, as is shown by the number of times he passed under it, and the number of times others pass and repass, without injury. The train in question was halting at the station to take the siding, to allow a meeting train, presently due, to have the main track. It is alleged that there was a call for brakes here as the station was reached. The evidence is conflicting on this point, it being otherwise testified to that the long whistle sounded was simply a blow for the station; but we must consider this case, as other like cases upon a demurrer to the evidence, under the well-known rule of this court prescribed by statute. It was also insisted upon, in its testimony by the plaintiff in error, that there was no collision with the bridge, but that the deceased slipped in descending from the car, as the train was coming to a halt, and was killed by being run over by the train; but here, again, the rule of decision applies, and it must be conceded that his head struck the bridge as stated. The negligence of the company set up is having this dangerous bridge over its road.

The defendant company moved the court to instruct the jury that though they believe from the evidence that the bridge in controversy on the defendant's road was constructed too low to permit C. M. Hafner, in the discharge of his duty, to pass thereunder, sitting on the roof of the car in question, without stooping, or standing on the brake step of said car without stooping, and that thereby said bridge was rendered dangerous, and that, though the jury may believe that the death of C. M. Hafner was caused by the lowness of the bridge, yet, if the jury shall further believe from the evidence that the said C. M. Hafner, at the time that he entered the defendant's service, or afterwards, in the discharge of his duty as brakeman, knew, or had opportunity to observe and learn, the dangerous character of said bridge, and, notwithstanding, continued in the defendant's service, then the plaintiff cannot recover in this action, and they must find for the defendant, and that though they believe from the evidence that, after the engine

and two box cars had passed the warning ropes, the engineer called for brakes, and that said C. M. Hafner obeyed said call, and, in approaching said bridge, was engaged in working said brakes, and while so engaged, was struck by said bridge and killed, yet if the dangerous character of said bridge was known to said C. M. Hafner, or if he had an opportunity to become acquainted with the dangerous character of said bridge, and the danger therefrom was open and obvious, the plaintiff cannot recover in this action, and they must find for the defendant, which the court refused to give as asked, and added that, if the exigencies of his position required him to remain at the post of danger, whereby he was killed, they must find for the plaintiff, and instructed the jury that if they believed that the said bridge was dangerously low, and that, by reasonable care, he could not have avoided the danger, they should find for the plaintiff.   When the verdict was rendered, the defendant moved the court to set it aside as contrary to the law and the evidence, which motion the court overruled, and the plaintiff assigns this action of the court as error, as well as the refusal of the court to give its instructions as asked.

The questions involved here are well settled.  The case of *Clark's Adm'r* v. *Richmond & D. R. R. Co.*, 78 Va., 709, is a case where a brakeman was killed by collision with an overhead bridge, and a similar action resulted.  In that case it was said by this court: "Where a servant enters upon an employment, he accepts the service subject to the risks incidental to it.  An employee who contracts for the performance of hazardous duties assumes such risks as are incident to their discharge from causes that are open and obvious, the dangerous character of which causes he had opportunity to ascertain. If a man chooses to accept employment or continue in it with the knowledge of the danger, he must abide the consequences so far as any claim against his employer is concerned." *Clark* v. *Railroad Co.*, *supra*, and cases cited.

In that case the employee did not stoop, and it was held

negligence on his part, which was the proximate cause of the injury, and that he could not recover.    In this case he did not stoop low enough all the way under the bridge, but negligently raised his head too soon, and was struck; while others situated precisely as he was, did stoop low enough, and were unharmed.    This was clearly contributory negligence on his part, which was the proximate cause of his injury, and he cannot recover, and the circuit court erred in its action in refusing to set aside the verdict and grant the defendant a new trial, and in refusing to give the defendant's instruction, and in the instructions given on the motion of the plaintiff, for which errors the judgment will be reversed and annulled, and the case remanded, for a new trial to be had therein, to the circuit court of Williamsburg and county of James City.    *Sheeler* v. *C. & O. R. R. Co.*, 81 Va., 202; *R. & D. R. R. Co.* v. *Risdon*, 87 Va., 339; *Cottrell's Case*, 83 Va., 512; *Darracott's Case*, 83 Va., 294; *Lee's Case*, 84 Va., 645; *Patteson's Case*, 84 Va., 769.

JUDGMENT REVERSED.