THE CENTRAL RAILWAY COMPANY

v.

NELLIE SERFASS, by next friend.

*Filed at Ottawa November 27, 1894.*

1. INSTRUCTIONS—*stating matters not charged in the declaration.* An instruction that the declaration charges defendant with negligence in failing to keep a lookout, and to stop its car when plaintiff's danger became apparent, is technically inaccurate, where the declaration does not aver the injury arose in consequence of such failure.

2. Such inaccuracy will not, however, reverse, if the jury are accurately told, by other instructions, what the negligence charged in each count is, and that plaintiff cannot recover unless the charge, as laid in each count, is proved by a preponderance of the evidence.

3. DAMAGES—*what elements jury may consider.* In an action for personal injuries caused by negligence, the plaintiff may recover for permanent injuries sustained, and for pain and suffering, mental and physical, endured.

*Central Railway Co.* v. *Serfass,* 53 Ill. App. 448, affirmed.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Peoria county; the Hon. T. M. SHAW, Judge, presiding.

Messrs. STEVENS & HORTON, for the appellant:

The first and third instructions given for plaintiff were erroneous, because they allowed the plaintiff to recover if the jury believed the motorman could have stopped the car and prevented the injury after the danger became apparent, without any charge in the declaration that the injury was caused by such neglect. *Railroad Co.* v. *Frelka,* 9 Ill. App. 605; *Railroad Co.* v. *Bragonier,* 119 Ill. 51; *Railway Co.* v. *Coble,* 113 id. 115; *Railway Co.* v. *Probeck,* 33 Ill. App. 145; *Kranz* v. *Theiben,* 15 id. 482.

While the first instruction given for defendant stated the issues correctly, that did not remedy the evil in the

first and third for plaintiff, since the jury were as likely
to follow a bad instruction as a good one.   *Leiter* v. *Day,*
35 Ill. App. 248; *Railroad Co.* v. *Harwood,* 80 Ill. 88; *Milling
Co.* v. *Thomas,* 27 Ill. App. 137; *Stone* v. *Kankakee,* 128 Ill.
173; *Railroad Co.* v. *Kline,* 135 id. 43.

The seventh instruction given for plaintiff was erro-
neous, because (1) it allowed the plaintiff to recover for
mental suffering not connected with, but in addition to,
the bodily pain and injury; and because (2) it did not re-
strict either the bodily or mental suffering to be compen-
sated for, to such as arose in consequence of the injury
or connected with the physical pain caused by the injury.
*Joch* v. *Dankwardt,* 85 Ill. 331; *Johnson* v. *Wells, Fargo & Co.*
6 Nev. 224; *Stables* v. *Railroad Co.* 62 Ill. 314; *Chicago* v.
*McLean,* 133 id. 148.

We understand from the instruction approved in *Chi-
cago West Division Railway Co.* v. *Ryan,* 131 Ill. 474, that
where a child runs in the way of a car so suddenly that the
driver has no such notice of danger to the child as to
give him an opportunity to avoid the danger, the railway
company is not liable for the injury received.   *Thomas* v.
*Railway Co.* 132 Pa. St. 504; *Kennedy* v. *Railroad Co.* 43 Mo.
App. 1; *Baker* v. *Railroad Co.* 16 N. Y. 320; *Scott* v. *Railroad
Co.* 61 Hun, 627.

Instructions in this class of cases must be accurate,
since juries, not being judges of the law, are as likely to
follow a bad instruction as a good one.   *Railroad Co.* v.
*Bragonier,* 119 Ill. 51; *Leiter* v. *Day,* 35 Ill. App. 248; *Mill-
ing Co.* v. *Thomas,* 27 id. 137; *Stone* v. *Kankakee,* 128 Ill. 173;
*Railroad Co.* v. *Kline,* 135 id. 43; *Railroad Co.* v. *Harwood,*
80 id. 88; *Railway Co.* v. *Coble,* 113 id. 115.

Mr. ISAAC C. EDWARDS, and Mr. JOSEPH A. WEIL, for
the appellee:

Where the question is one of fact, purely for the jury,
unless the verdict is clearly against the weight of evi-
dence the same will not be disturbed.   *Johnson* v. *Small-*

*wood,* 88 Ill. 73 ; *Railway Co.* v. *Ryan,* 70 id. 211; *Corwith* v. *Colter,* 82 id. 585 ; *Central Railway Co.* v. *Allmon,* 45 Ill. App. 389 ; *Singer Manf. Co.* v. *Pike,* 12 id. 506 ; *Buchanan* v. *McLennan,* 105 Ill. 56.

It is a question of fact for the jury to determine whether appellant's car, at the time of the accident, was being run at a high and dangerous rate of speed. *Railway Co.* v. *Hicks,* 13 Ill. App. 407.

Instructions for both parties must be taken together. If they state the law correctly, an error which may appear in one series will be deemed corrected by the others. *Lawrence* v. *Hagerman,* 56 Ill. 68 ; *Aurora* v. *Gillett,* 56 id. 132.

Even if the two instructions were wrong, which we do not concede, yet if the whole case shows that substantial justice has been done, the judgment should not be disturbed. *Dishon* v. *Schorr,* 19 Ill. 59 ; *Kendall* v. *Brown,* 86 id. 387.

The giving of an instruction slightly inaccurate, and which, under the facts of the case, could not have worked to the prejudice of the party complaining or have misled the jury, will not justify the reversal of the judgment. *Chicago* v. *Hesing,* 83 Ill. 204; *Lodge* v. *Gatz,* 76 id. 272 ; *Railroad Co.* v. *Funk,* 85 id. 460.

When suffering in body and mind is the result of injuries caused by negligence, it is proper to take the same into consideration in estimating the amount of damages. *Chicago* v. *McLean,* 133 Ill. 152 ; *Railroad Co.* v. *Martin,* 111 id. 219 ; *Railroad Co.* v. *Stables,* 62 id. 320 ; *Railway Co.* v. *Hundt,* 41 Ill. App. 222 ; *Railroad Co.* v. *Fisher,* 38 id. 41.

Per CURIAM : Appellee, a minor, while crossing Adams street, in Peoria, on the 15th day of September, 1892, was struck by a car, propelled by electricity, on appellant's track, and seriously injured.  This action was brought to recover damages resulting from the injury, and on a trial before a jury the plaintiff recovered a judgment for $1500, which, on appeal, was affirmed in the Appellate

Court. To reverse the latter judgment the Central Railway Company has appealed to this court.

In the argument of appellant it is claimed that the court erred in giving instructions 1, 3 and 7 for the plaintiff, and upon that ground a reversal of the judgment is asked. In the first instruction the court directed the jury that the acts of negligence charged in the declaration are two : First, not keeping a proper lookout and failing to use due diligence to stop the car when the danger to plaintiff became apparent ; and second, running the car at a high and dangerous rate of speed. It is insisted that no count of the declaration contains an averment that the injury to the plaintiff was caused by the failure of the motorman to use due diligence to stop the car when the danger became apparent, and hence the charge was erroneous.

The declaration contained four counts. The negligence charged in the third count was, that the car was run at a high and dangerous rate of speed, and in the fourth count the negligence averred was, running the car at a high and dangerous rate of speed and the failure to keep a proper lookout on the motor-car. The instruction could not, therefore, be predicated on the averments of either of these counts. The first and second counts are substantially alike. In the first it is, in substance, averred that it was the duty of defendant, by its said servants, then and there to have kept a proper lookout on said track and to have stopped said car, but the defendant, carelessly and negligently, did not keep a proper lookout and did not stop said car, but by not keeping a proper lookout, and in consequence thereof, improperly and negligently ran and propelled said car against and upon the plaintiff so being on said track and in front of said car, and being then and there unable to get out of the way of said car, whereby said plaintiff was then and there struck with great force, etc. It will be observed that while the count avers that it was the duty of defendant to have kept

a proper lookout on the track, and to have stopped the car, and that it carelessly and negligently did not keep a lookout and did not stop the car, it fails to aver directly that in consequence of not stopping the car the injury arose, and we are inclined to hold that the instruction was technically inaccurate. And the same may be said in regard to instruction No. 3. But if the jury were not misled by the instruction the judgment ought not to be reversed, and in view of the clear and emphatic charge of the court in regard to the same subject in defendant's first instruction, it is difficult to perceive how the jury could be misled. That instruction is as follows :

"You are instructed that the plaintiff charges, in the first count of her declaration, that the defendant was negligent in not keeping a proper outlook on its track, in consequence of which plaintiff was injured; that to recover under this count of her declaration she is bound to prove, by a preponderance of the evidence, that the servants of defendant in charge of said car were not keeping a proper lookout on said track, and further, that the injury to plaintiff was caused by such act, and unless she has so proven, plaintiff cannot recover under that count; that in the second count of her declaration she charges that the defendant was negligent in not keeping a proper lookout and in running the car at a high and dangerous rate of speed; that in order to recover under this count she must prove, by a preponderance of the evidence, not only that the defendant was negligent in the respect charged, but that the injury was occasioned thereby; that in the third count of her declaration she charges that the defendant was negligent in running said car at a high and dangerous rate of speed, and in order to recover under that count she must prove, by a preponderance of the evidence, not only that the defendant was negligent as charged, but that the injury was caused thereby; that in the fourth count of her declaration she charges that the defendant was negligent in not keeping a proper look-

out and in running said car at a high and dangerous rate
of speed; that in order to recover under that count she
must prove, by a preponderance of evidence, not only that
the defendant was negligent as charged, but that the
injury was occasioned thereby.  And you are instructed,
that unless you believe, by a preponderance of the evi-
dence, that the defendant failed to keep a proper lookout
along its track, or that the car was being run at a high
and dangerous rate of speed at the time in question, the
plaintiff cannot recover, and you should find the defend-
ant not guilty."

Here the attention of the jury was called, in plain
terms, to the charge contained in each count of the dec-
laration, and told what that charge was; and the jury
were also informed, that unless the charge as laid in each
count was proven by a preponderance of the evidence the
plaintiff could not recover.  While the plaintiff's first
instruction may be regarded as inaccurate, and, standing
alone, might be calculated to mislead the jury, yet when
viewed in connection with the instruction of the defend-
ant the error committed was not of such magnitude as to
work a reversal of the judgment.

In plaintiff's seventh instruction the jury were directed,
in substance, that if they found the issue for plaintiff and
found defendant guilty, and plaintiff had sustained dam-
ages as alleged in her declaration, in assessing damages
they might take into consideration such permanent in-
jury as she may have sustained, and such pain and suffer-
ing, mental and physical, as were endured by her.  This
instruction is fully sustained by *Indianapolis and St. Louis
Railroad Co.* v. *Stables,* 62 Ill. 313, *Hannibal and St. Joseph
Railroad Co.* v. *Martin,* 111 id. 219, and *City of Chicago* v.
*McLean,* 133 id. 148, where similar instructions were in-
volved.  In all cases of this character the recovery is for
the injury received,—such damages as may be the nat-
ural and proximate consequence of the injury.  But in
arriving at the amount the jury may consider the suffer-

ing, if any, of the injured party which grew out of the injury. Where suffering is regarded as an element of recovery, it may be that physical suffering lies at the basis of an element of that character; but as was said in the *McLean case*, "there cannot be severe physical pain without a certain amount of mental suffering," and hence a direction to a jury that they may take into consideration mental suffering, after all does not signify more than a recovery for physical pain.

The record presents no substantial error, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*