THE WESTERN BREWERY COMPANY

v.

MARCELLUS MEREDITH.

*Filed at Mt. Vernon April 1, 1897.*

1. CONTINUANCES—*immaterial amendment of pleadings is not ground for continuance.* Where a declaration in an action for negligence avers that plaintiff was injured "because of the *willful,* careless and negligent act of the defendant, in the manner and form following," and then charges the specific acts of negligence without the word "willful," the striking out of such word at trial is an immaterial amendment, and is not ground for continuance.

2. INSTRUCTIONS—*when special damage for "mental suffering" need not be declared for.* An instruction that the jury, in estimating the plaintiff's damages, might consider his sufferings in body and mind, if any, resulting from his injuries, is not bad because there is no allegation of special damages for mental sufferings, as proof of bodily pain necessarily proves some degree of mental suffering.

*Western Brewery Co.* v. *Meredith,* 66 Ill. App. 454, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. A. S. WILDERMAN, Judge, presiding.

This suit was brought by appellee, against appellant, in the circuit court of St. Clair county, to recover damages for an injury to his person, alleged to have been caused by the negligence of the defendant. The plaintiff was a brakeman on the Louisville, Evansville and St. Louis Consolidated railroad. There was a switch from the railroad track extending into the grounds of the defendant, upon which cars were run carrying ice and other freight to its plant and taking out beer to be shipped. A refrigerator car was run in on this switch, and the plaintiff, in discharge of his duty as brakeman, being on the top of it, was struck by an overhead pipe and thrown to the ground, thereby receiving a fracture of the hip. The substance of the charge of negligence in the declaration is, that the defendant, shortly before the ac-

cident, had placed a steam pipe across said switch track, from its engine house to the main building, "and that the said pipe was so, as aforesaid, carelessly and negligently placed over and across said switch track at such low elevation that it was impossible for plaintiff, while in the discharge of his duties as aforesaid, while on the top of the box car as aforesaid, to pass under."

At the close of plaintiff's evidence the defendant requested the court to instruct the jury to find for the defendant, which was denied. The motion was renewed at the close of all the testimony, and again overruled.

During the argument to the jury, and after certain instructions had been submitted to the court by the defendant, to the effect that plaintiff could only recover upon proof that the defendant, in placing the pipe across the track, acted willfully, the plaintiff was allowed to amend his declaration by "striking out the word willful, in line number 7, on the second page of his amended declaration." Thereupon the defendant re-filed its plea of not guilty, and moved the court to continue the case, on the ground that it had been taken by surprise by the amendment of the declaration. This motion was overruled and the case submitted to the jury on instructions given by the court. The verdict was for the plaintiff, fixing his damages at $3000. The defendant's motion for a new trial was then overruled and judgment entered on the verdict, which judgment has been affirmed by the Appellate Court.

TURNER & HOLDER, and C. W. THOMAS, for appellant:

Motion to continue because of the amendment to the declaration during trial should be allowed. Hurd's Stat. 1895, sec. 26, chap. 110; *Brown* v. *Smith*, 24 Ill. 196; *Railroad Co.* v. *Todd*, 91 id. 70; *Bloomington* v. *Osterle*, 139 id. 122.

The practice of giving instructions in which the court assumes to pass upon the facts of the case is condemned. *Hunter* v. *Mathewson*, 27 Ill. App. 192; *Friederich* v. *People*,

147 Ill. 310; *Railroad Co.* v. *Moranda,* 108 id. 576; *Railroad Co.* v. *Lonergan,* 118 id. 45; *Insurance Co.* v. *Crawford,* 89 id. 62; *Small* v. *Brainard,* 44 id. 355; *Russell* v. *Winter,* 83 id. 150; *Bradley* v. *Coolbaugh,* 91 id. 148.

An instruction which tells the jury that it is their duty to go outside the record and hunt up matters not in issue and not in evidence is erroneous. *Railroad Co.* v. *Siddons,* 53 Ill. App. 607; *Railroad Co.* v. *Sutton,* 53 Ill. 397; *Joch* v. *Dankwardt,* 85 id. 331.

An instruction not based on evidence should not be given. *Beach* v. *Miller,* 23 Ill. App. 151; *Story* v. *Carter,* 27 id. 287; *Birr* v. *People,* 113 Ill. 648; *Bressler* v. *People,* 117 id. 429; *Belk* v. *People,* 125 id. 586; *Rosenkranz* v. *Barker,* 115 id. 331; *Railway Co.* v. *Parker,* 131 id. 568.

Even where the evidence is conflicting, if it preponderates strongly in favor of a party a verdict against him should be set aside. *Railroad Co.* v. *Daley,* 53 Ill. App. 614; *Railroad Co.* v. *Stapp,* id. 600; *Railroad Co.* v. *Herring,* 57 Ill. 62; *Davenport* v. *Springer,* 63 id. 276; *Railway Co.* v. *Troesch,* 57 id. 160; *Peaslee* v. *Glass,* 61 id. 94.

JONES & BLAIR, and C. H. PATTON, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

A considerable part of the briefs and arguments presented to us on either side, being those filed in the Appellate Court, is devoted to a discussion of the facts, and affords us no assistance in dealing with questions reviewable in this court. We think the Appellate Court properly disposed of the assignment of errors of law, and shall but briefly notice them in this opinion.

The contention that the court erred in refusing to instruct the jury to find for the defendant, to grant it a continuance after the declaration was amended, and to give instructions 3 and 4 asked by it, are each based upon the unwarrantable assumption that the declaration upon which the trial was had charged the defendant with *will-*

*ful* negligence. The declaration stated in the usual form the facts and circumstances of the accident, and in that connection used the language, "plaintiff, because of the willful, careless and negligent act of the defendant in manner and form following," that is to say, etc., then charging specifically the acts of negligence in the language above quoted and in which the word "willful" is not found. By the amendment made during the trial the word "willful" used was stricken out, but doing so neither added to nor took from the legal effect of the declaration. The action was not for an act wantonly or willfully committed, but for negligence. That the evidence tended to prove negligence on the part of the defendant and due care by the plaintiff is not denied. The instruction to find for the defendant was therefore properly refused. Striking out the word "willful" was a wholly immaterial amendment, and for that reason no ground for a continuance was shown. The refused instructions limited plaintiff's right of recovery to willful negligence on the part of the defendant, and were properly refused.

It is said giving the second and third instructions on behalf of plaintiff was error. The objection to the second is, that it assumes that the erection of the pipe was negligence. We are unable to find in the language of the instruction any just ground for the criticism. It is insisted that the third erroneously authorized the jury to give damages for mental suffering, and it is said the claim made in the declaration is for the physical injury only. The instruction informed the jury what facts, if proved, they might take into consideration in fixing the damages, among which was "his suffering in body and mind, if any, resulting from such injuries." This did not authorize a recovery for injury to mind, but only for mental suffering caused by and inseparable from physical pain, and therefore no allegation of special damages for mental suffering was necessary. (*Central Railway Co.* v. *Serfass*, 153 Ill. 379; *Indianapolis and St. Louis Railroad Co.*

v. *Stables*, 62 id. 313; *City of Chicago* v. *McLean*, 133 id. 148.) The sense of pain is only experienced through the mental faculties, and proof of bodily pain necessarily proves some degree of mental suffering. The instruction was not without evidence to support it. It was not error to give it.

It is objected, in a general way, that the trial court erred in admitting the testimony of M. S. Meredith, the father of the plaintiff, and Dr. Julius Kohl, his attending physician, because, it is said, it was merely hearsay evidence, and, in the case of Dr. Kohl's opinion, based on what plaintiff told him the day before the trial. The evidence of these witnesses, as it appears in the abstract, is not subject to the objection urged. Besides this, it does not appear that the court was in any way asked to rule upon the admissibility of any part of the testimony of either of said witnesses, therefore the objections, even if valid, cannot be urged now.

Adam Gintz, the president of the defendant company, called in its behalf, testified that he came out of the office when the accident happened; "we were doing a great deal of building; we got in a great amount of stuff, *and the railroad people were notified to be very careful of that pipe that was there.*" On cross-examination he was asked, fixing the time and place: "Did you tell Mr. Fisher, in the presence of Mr. Lockard, in substance this: that you always kept men there to notify the railroad men of the danger of that pipe?" and he answered, "No, sir." Fisher and Lockard were asked by the plaintiff's counsel if he did make that statement in substance, to which counsel for the defendant objected, because time and place were not fixed, that it was immaterial, and "that it was incompetent to prove statements made by an officer of the corporation concerning an injury at a time so long subsequent to the injury." The first objection was overruled, and the court held the statements of the officer made the next day were not admissible to prove what the defendant did

by way of giving notice of or warning trainmen as to the pipe, but that the evidence was "admissible solely for the purpose of contradicting the witness." The witness then answered the question in the affirmative. We regard the admission of this evidence of very little importance as affecting the merits of the case.

We think the ruling of the circuit court was as favorable to the defendant as it could legally ask. We discover no reversible errors in this record. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*