### Richmond.

## NORFOLK & WESTERN RAILWAY CO. v. MARPOLE.

### NOVEMBER 16, 1899.

1. APPEAL AND ERROR—*New Trial—Excluding Evidence—Harmless Error.* A new trial will not be granted for refusal to permit certain evidence to be introduced when substantially the same evidence was received without objection at a later stage of the trial.

2. RAILROADS—*Overhead Bridges—Contributory Negligence.*—It is negligence for a railroad company to operate its road with an overhead bridge too low for its employees, whose duties are on top of the cars, to pass when standing on the cars, in the discharge of their duties, but if an employee knows, or ought to know, of the dangerous condition of the bridge, and fails to use ordinary care to protect himself, in consequence of which he is injured, he is guilty of contributory negligence, and cannot recover for the injury. The fact that the employee does not know of his exact locality, or the proximity of the bridge by reason of darkness, fog, or other natural or artificial causes incident to his employment, is immaterial.

3. INSTRUCTIONS—*Jury Sufficiently Instructed.*—It is not error to refuse a correct instruction where another is given in lieu thereof which correctly propounds the law and covers the point contained in the one refused.

4. PERSONAL INJURIES—*Damages—Mental Anguish.*—In an action to recover damages for personal injuries, the jury may take into consideration the mental anguish, as well as the physical pain, resulting from such injuries.

Error to a judgment of the Circuit Court of Page county, rendered May 7, 1898, in an action of trespass on the case, wherein the defendant in error was the plaintiff, and the plaintiff in error was the defendant.

*Reversed.*

The opinion states the case.

*Joseph I. Doran, Geo. E. Sipe,* and *E. J. Armstrong,* for the plaintiff in error.

*Marshall McCormick & Son,* for the defendant in error.

CARDWELL, J., delivered the opinion of the court.

This is an action of trespass on the case brought by A. H. Marpole against the N. & W. R. R. Co. in the Circuit Court of Page county to recover damages for injuries alleged to have been sustained by the plaintiff, a brakeman in the employ of the defendant, on a freight train, while in the discharge of his duty, and when passing under an overhead bridge on the line of the defendant's railway, near Luray, Va. The gravamen of plaintiff's complaint in his declaration is that the overhead bridge was too low to pass under it with safety while walking or standing on the top of the train, and that, by reason of an unusual escape of steam from a defective engine drawing the train, plaintiff was unable to see the bridge, or to locate himself by the surroundings so as to know of the approach of the train to the bridge, and thereby to enable himself to guard against the dangers of passing under it.

There was a demurrer to the declaration, which was overruled, and upon the trial, on the plea of not guilty, a verdict and judgment was rendered for the plaintiff for $3,500, to which judgment a writ of error was awarded the defendant to this court.

In the oral argument here the defendant does not insist on its demurrer, but relies for a reversal of the judgment on its exceptions to the action of the Circuit Court in refusing to admit certain testimony offered by the defendant, and in the refusal to give instructions it asked, and in giving certain instructions by the court in lieu of those asked.

The first exception is to the refusal of the court to admit as evidence rule 116 of the book of rules governing employees of the defendant during the term of the service of the plaintiff.

It appears that the plaintiff had been in the service of the defendant for a period of over six years anterior to the injury complained of; passing and repassing by day and night the place where the injury occurred just before daylight on the morning of February 8, 1897; that when within seven or eight miles of the bridge where he received the injury, he was directed by the conductor of the train to remind the engineman that there was a car to be dropped from the train at Luray, just beyond the bridge; and while returning to his post of duty on the train he was struck by the bridge. The object the defendant had in introducing rule 116, which forbids any one to ride on the engine except the engineman and other designated employees, without the written order from the proper authority, was to show by it and other evidence that the plaintiff was not at his place of duty when injured, and in violation of the rules of the company, by reason of his unnecessary delay on the engine after delivering the message of the conductor to the engineman.

In the course of the trial the defendant's rule 697, forbidding brakemen to leave their post of duty, or take any position on the train other than that assigned to them, was admitted in evidence, and this rule conveyed to the jury and proved practically what rule 116 would have conveyed to them and proved had it been admitted. This being so, the error in refusing to permit rule 116 to go to the jury, if any, as to which we express no opinion, was harmless, and this assignment of error is unavailing. *Taylor* v. *Mallory*, 96 Va. 18.

Defendant's instruction No. 1, refused by the court, told the jury that, although the bridge in question was constructed too low to enable the plaintiff to pass under it standing on the top of the train, and although no signals had been placed to give him warning of his approach to it, yet if he had knowledge or oppor-

tunity to acquire knowledge of the condition of the bridge, and after such knowledge or experience continued in the service of the company, he assumed all the risks pertaining to the employment.

In lieu of this instruction, the court gave the following:

" 2. Of the dangers and risks included in, and incident to, the employment, and of which the servant accepts the risks, are those which are made known to the servant, and which he should have known by observation in the course of his employment. If, therefore, plaintiff knew of the danger of the bridge at which he received the alleged injuries, or ought to have known of it before the accident, and continued in the employment of defendant, he assumed the risk of the injury and cannot recover, *unless the jury further believe from the evidence, that owing to the circumstances existing at the time of the accident he could not by ordinary care and foresight discover the locality, and his approach to the dangerous locality.*"

According to the plaintiff's own testimony, he had been in the employment of defendant for more than six years, had passed under the bridge in question in the day, as well as at night, when on his run between Hagerstown, Md., and Roanoke, Va. He knew, or ought to have known, that the bridge was too low to permit him to pass under it while standing on top of the train, and that there were no signal lights placed at the bridge at night, or warning ropes near it. The court's instruction No. 2, from its beginning down to and including the word " recover," is substantially the same as defendant's instruction No. 1 refused, and propounded the settled law that although it is negligence for a railroad company to operate its road with an overhead bridge too low for its employees, whose duties are upon the tops of cars, to pass when standing on the cars, in the discharge of their duties, yet if an employee knows or ought to know of the dan-

gerous condition of the bridge, and fails to use ordinary care
to protect himself, in consequence of which he is injured, he is
guilty of contributory negligence and cannot recover for the
injury.   *C. & O. R. Co.* v. *Haffner's Adm'r*, 90 Va. 621; and
same case, 96 Va. 528.   The latter part of the instruction, how-
ever, not only negatived the doctrine of assumed risk properly
propounded in the first part of the instruction, but deprived the
defendant of the benefit of the doctrine of contributory negli-
gence also relied on.  Although the jury might have found that
the plaintiff knew of the locality of the bridge, and knew that he
could not safely pass under it standing erect on top of the train,
still they were given the liberty by the latter part of this instruc-
tion to find a verdict for him if, owing to the darkness, fog, or
other natural or artificial causes, incident though they were to
his employment, he did not know the precise locality of his train
when he was struck, and did not see the bridge.   In other words,
the gist of the instruction is that, although the jury believed the
plaintiff to have been guilty of contributory negligence, or had
assumed the risk of being struck by the bridge, yet he had the
right to recover if, owing to the escape of steam from the engine,
darkness, or fog, or either of these causes existing at the time of
the accident, he could not, by ordinary care and foresight, dis-
cover the locality, and his approach to the bridge.

Defendant's instruction No. 1 properly propounded the law,
and should have been given, without the qualification contained
in the latter part of the instruction given by the court in lieu
thereof.  *R. & D. R. Co.* v. *Yeamans*, 86 Va. 860.

Defendant's instructions 2 and 3, refused, relate to the con-
duct of the plaintiff in connection with the delivery of the
message which he was charged by the conductor to carry to the
engineman, and were intended to direct the attention of the
jury to evidence tending to show that he remained away from
his post of duty longer than was necessary after delivering the
message, and to tell them that if they found this to have been

the case, and the accident was caused thereby, then plaintiff was guilty of contributory negligence and could not recover for his injury.

In lieu of these instructions, the court, in its own instructions, told the jury that the defendant was not liable to the plaintiff for injuries received by him owing to his being at a location on the train, at which he was not in the scope of his duty; that if the plaintiff was not at his post of duty, and sustained injury thereby, the defendant was not liable, and that in such a case the plaintiff was guilty of contributory negligence.

This instruction covered the point contained in the instructions, in lieu of which it was given, and the action of the court in this respect is not reversible error. *Bertha Zinc Co.* v. *Martin,* 93 Va. 791; *Blankenship* v. *C. & O. R. Co.,* 94 Va. 458.

The fifth instruction given by the court is as follows:

" The jury are instructed that there is no legal limit to the damages they may award for personal injuries, and that they are the judges of the extent of the damages which, from the evidence, the plaintiff may be entitled to recover, and in estimating such damages they may take into consideration his age, his station in life, his injury, his physical and mental suffering arising from said injury, his loss of wages for the time he has been prevented by said injuries from working, and a proper compensation for his being deprived by said injuries from following such calling or business as he could have followed, but for said injuries, but the damages may not exceed $10,000."

The objections urged to this instruction are, first, that it allowed the jury, without special proof, in fixing the plaintiff's damages, to take into consideration his mental suffering; and, second, that it intimated to the jury that they might award the sum of $10,000, in the way of damages, without qualifying the

statement by saying that this sum was only mentioned because it was the maximum amount claimed by the plaintiff.

Mental suffering, when connected with bodily injury, is always to be considered in damages. Sher. & Redfield's L. of Neg., sec. 761, and authorities cited. Where there is bodily injury, such as the evidence tended to show in this case, mental suffering necessarily enters into the consideration of the damages which should be allowed by the jury, if they find that the plaintiff is entitled to damages for the bodily injuries he has sustained by reason of the negligence of the defendant. Sher. & Red., *supra.*

In the case of *Central Ry. Co.* v. *Serfass,* 153 Ill. 379, 39, N. E. 119, it was said: "A direction to a jury that they may take into consideration mental suffering, after all, does not signify more than a recovery for physical pain." And in the case of *City of Chicago* v. *McLean,* 133 Ill. 152, 24 N. E. 527, it was held that there cannot be severe physical pain without a certain amount of mental suffering.

Likewise it was held, in *Brown et als.* v. *The Hanibal St. J. R. Co.,* 99 Mo. 310, not to be necessary to make specific proof of pain and mental anguish; that these elements of damage are sufficiently shown by the evidence which discloses the nature, character, and extent of the injuries, and that from such evidence the jury may infer pain and mental anguish. See, also, 5 Enc. Pl. & Pr. 759; 8 Amer. & Eng. Enc. L., 662-3.

This court, in *Ampey's case,* 93 Va. 110, approved of an instruction which told the jury that in estimating damages they might take into consideration the mental, as well as the physical, suffering, arising from plaintiff's injuries.

It was not error to tell the jury in the instruction under consideration, that, in estimating plaintiff's damages, they might take into consideration his mental as well as his physical suffering arising from his injury, and we do not think that the instruction, as a whole, misled or could have misled the jury in esti-

mating plaintiff's damages, although it would have been better had the instruction simply told the jury that the plaintiff claimed $10,000 damages, and they were authorized to award such sum as the evidence justified, not exceeding that amount.

As the case has to go back for a new trial, other errors assigned will not be considered.

The judgment complained of will be reversed and annulled, and the cause remanded for a new trial to be had in accordance with this opinion.

*Reversed.*