## William J. Garvy, Adm., v. John Coughlan and John Brenock.

1. DECLARATION—*For Negligence in Permitting an Excavation on Adjoining Premises to the Injury of the Plaintiff's Property.*—The court gives, in the opinion, the declaration filed in this suit and holds that it states a good cause of action.

2. REMEDIES—*For Permitting an Excavation to Remain on Adjoining Premises.*—An action for permitting an excavation to remain for a long space of time on adjoining premises to the injury of the plaintiff's property is a personal action and is properly brought by the personal representative, in case of the death of the owner of the premises injured.

3. PLEADING—*When Allegations of Willfulness and Malice are*

Garvy v. Coughlan.

*Unnecessary.*—In declaring upon a cause of action for negligence in permitting an excavation upon adjoining premises to remain for a long space of time to the injury of the plaintiff's property, allegations of willfulness and malice are not necessary to a recovery.

**Action on the Case,** by an administrator, for negligence in permitting an excavation to remain for a long space of time upon adjoining premises, etc. Appeal from the Superior Court of Cook County; the Hon. Jesse Holdom, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed January 7, 1901.

Douthart & Brendecke, attorneys for appellant.

Edward H. Morris, attorney for appellees.

Mr. Presiding Justice Adams delivered the opinion of the court.

This is an appeal from a judgment in an action on the case by appellant, as the administrator of the estate of John Garvy, deceased, against the appellees, John Coughlan and John Brennock. At the conclusion of the evidence for the plaintiff the defendants, by their attorney, moved the court to instruct the jury to find the defendants not guilty, and assigned the following reasons for the motion :

1. " Because the plaintiff has wholly failed to establish any cause of action.

2. " Because the evidence introduced fails to show any right on the part of the plaintiff to recover as against the defendants, or either of them.

3. " Because there is a material variance between the allegation and the proof, in this, that the plaintiff charges that the excavating done by the defendants and the acts complained of, were done willfully and maliciously. The proof fails to show malice or willfulness.

4. " Because the evidence does not show the doing of the acts complained of maliciously or willfully.

5. " Because the suit is in reference to damages alleged to have been done to real estate, and is brought by the administrator when it should be by the heirs."

The plaintiff by his attorneys thereupon moved the court for leave to amend the declaration by striking out the words willfully and maliciously, where they occurred in it, and

presented with his motion the proposed amendments.     But
the court overruled the plaintiff's motion for leave to amend,
granted the defendants' motion and instructed the jury to
find the defendants not guilty.

The declaration alleges, in substance, that John W. Garvy
in his lifetime was the owner in fee simple of sublots 3 and
4 of lots 5 to 8, in block 7, in Vernon Park addition to Chi-
cago, in section 17, township 39 north, range 14, east of the
3d P. M., in Chicago, in Cook county, Illinois, together
with the improvements thereon, which were two large
three-story brick flat buildings, containing six five-room
flats for said Garvy and tenants; also a large brick wall ten
feet high inclosing back part of lot, which was to be used
for foundation of a new building; that the value of the said
premises was $25,000, and the annual income from tenants
$2,500.     That the said improvements were of the best char-
acter and description, and substantial and safe, and wholly
free from all the injurious effects, damages, nuisances and
results hereinafter set forth, but the said defendants, know-
ing the premises, and wickedly and maliciously contriving
how they might injure and damage the said John W. Gar-
vy's property above described, and depreciate and destroy
the use and value thereof, and cause the same to be of little
or no value and to render it unfit for residence purposes, or
any other beneficial use or purpose, on or about, to wit, the
first day of October, A. D. 1891, and in the lifetime of said
John W. Garvy, deceased, wrongfully, unjustly, injuriously
and willfully and maliciously and knowingly entered upon
the lot or parcel of land lying immediately to the west of
and abutting upon and against said John W. Garvy's afore-
said property and the improvements then and there situated
thereon, and excavated and dug out the soil and ground to
a very great depth, to wit, of the depth of ten feet, down
to and under the foundations of said John W. Garvy's
aforesaid buildings and improvements, and the said excava-
tion was dug close up to and against the buildings and
improvements upon said John W. Garvy's aforesaid prop-
erty, and was of great depth, to wit, the depth of ten feet,

and of great length, to wit, the length of 200 feet, and of great width, to wit, the width of fifty feet. And the defendants kept and maintained the said excavation or hole so made as aforesaid, and in the place aforesaid, for a long space of time, to wit, the space of three years then next following, and by means and in consequence of which the rain and surface water and melting snow gathered and accumulated in said excavation until the said rain, surface water and melting snow was of great depth, to wit, the depth of three feet, and filled the entire size of said excavation so that it became a lake or pond into which all the water of the vicinity drained, and the water from said lake or pond ran and flowed in, under and through the foundation walls of the said John W. Garvy's aforesaid buildings, and ran in and filled the basement of said John W. Garvy's buildings; and by means and in consequence of which flowing and flooding, and also by means of the freezing in the winter time, then next following, of said water having run and flowed through said John W. Garvy's foundation walls as aforesaid, the foundation walls and other walls of said John W. Garvy's buildings were raised and heaved and cracked and bulged and broken and thrown out of plumb and destroyed, and the foundation walls of said John W. Garvy's buildings were weakened so that said buildings became dangerous to live in; and by means of the premises there were many cracks made in the foundation walls of said John W. Garvy's buildings, and the said walls were broken and destroyed, and said walls became bulged and thrown out of plumb; and by means of the premises, the doors and windows of the said John W. Garvy's aforesaid buildings, and the walls surrounding said doors and windows were disarranged so that they would not open or close, and the plastering upon the walls and ceilings of said John W. Garvy's buildings were broken and cracked and destroyed, and many stones in said John W. Garvy's buildings were broken and destroyed, and the roof upon said John W. Garvy's buildings was torn and broken so that the water ran through into and upon said John W. Garvy's buildings

and greatly damaged and destroyed the same; and by means of the premises said John W. Garvy's buildings and walls were otherwise greatly destroyed and injured; and by means of the premises said John W. Garvy in his lifetime was compelled to lay out divers sums of money endeavoring to repair the loss and destruction occasioned as aforesaid, to wit, the sum of $4,000, and by means of the premises, and the unsafe condition of the buildings, caused by the defendants as aforesaid, the said John W. Garvy in his lifetime has lost divers sums of money which he otherwise would have collected as rents from said premises during his lifetime, to wit, the sum of $2,000. And the plaintiff further avers that by reason of the said several premises above set forth the said property above described has been greatly damaged and depreciated in value, and great loss of rents from the said premises have accrued and been suffered by said John W. Garvy in his lifetime, and the said property was otherwise greatly damaged and injured, to wit, to the amount of $5,000, etc.

We think it clear that a good cause of action is stated in the declaration, namely, the keeping and maintaining the described excavation, " for a long space of time, to wit, the space of three years," with the injurious consequences to the property of the plaintiff, as averred in the declaration. We are also of opinion that the alleged consequences of so keeping and maintaining the excavation were such as might reasonably have been anticipated by the defendants. Nevins v. City of Peoria, 41 Ill. 502; C. & N. W. Ry. Co. v. Hoag, 90 Ib. 339; Panton v. Horton, 18 Ib. 496.

The defendants must be presumed to have known that the described excavation would hold water; that in accordance with natural law the water might flow into the adjoining premises of the plaintiff, and that, in this climate, it might freeze and produce the consequences complained of. In Railway Co. v. Hoag, *supra*, the court held that one must be presumed to know what might take place in the ordinary course of nature.

Appellee's counsel, in his argument, relies solely on the absence of proof that " the excavating was done willfully

and maliciously." Proof that the excavation was made willfully and maliciously was not necessary to a recovery. No action would lie for merely making an excavation on the defendant's lot for the purpose of erecting a building, provided the excavation was made with reasonable skill and care to avoid unnecessary injury to adjoining property. City of Quincy v. Jones, 76 Ill. 240.

The present action is not for making the excavation merely, but for negligence in permitting the excavation to remain for a long space of time, to the injury of the plaintiff's property. Willfulness and malice in so keeping and maintaining the excavation are not averred, and if they were, proof of willfulness and malice would not be necessary to a recovery. These words would be regarded as a surplusage. Western Brewing Co. v. Meredith, 166 Ill. 306.

It is not claimed by appellee's counsel, in his argument, that the evidence, aside from the absence of proof of willfulness and malice, did not fairly tend to support the plaintiff's case, his only objection being that willfulness and malice were not proved.

Having read the evidence, we are of opinion that it fairly tended to support the plaintiff's case, and that the court erred in taking the case from the jury.

The claim for damages is a personal one and the action was properly brought by the personal representative of the deceased.

Should appellant desire to amend his declaration he should be permitted to do so.

The judgment will be reversed and the cause remanded.