## Kellyville Coal Co. v. Gustave Yehnka.

1.  MINES AND MINERS—*What Amounts to a Willful Failure to Furnish Timbers for Props.*—Where the "timber boss" of a coal mine knew for several days previous to an accident in which a miner was injured by the fall of a rock from the roof of the mine, that timbers and cap-pieces had not been furnished for use by the miners as required, and repeatedly requested during that time, *it was held* that such knowledge and failure amounted to a willful failure on the part of the owner of the mine within the meaning of the term as used in the act providing for the health and safety of persons employed in coal mines, approved May 28, 1879 (Laws 1879, 204).

2.  SAME—*Suffering in Mind and Body as an Element of Damages.*— In an action for damages by a coal miner under the act providing for the health and safety of persons employed in coal mines, compensation for his suffering in mind and body resulting from injuries in consequence of the failure of the owner or proprietor of the mine to furnish timber for props, is a proper element of damages, especially where the failure is willful.

**Trespass on the Case,** under the miners act. Appeal from the Circuit Court of Vermilion County; the Hon. FERDINAND BOOKWALTER, Judge, presiding. Heard in this court at the November term, 1900. Affirmed. Opinion filed February 28, 1901.

EVANS & McDOWELL, attorneys for appellant.

MABIN & CLARK, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

Appellant brings this case to this court by appeal, and seeks to obtain a reversal of a judgment rendered against it by the Circuit Court of Vermilion County in favor of appellee for $350 damages assessed by the verdict of a jury. The action was case, and the declaration charged that appellant was, before the commencement of the suit, and during the time mentioned hereafter, operating a large coal mine in said county, in which appellee and a large number of others were employed by it to mine coal; that on the 15th day of April, 1889, while he was so mining coal for appellant in its said mine, a large rock dropped from the roof of the room in which he worked, and falling upon him,

broke his left leg and wounded him so badly that he was prevented from working for about six months thereafter; that he expended large sums of money to be healed of his said wounds; that the roof fell by reason of it not being properly secured by props and cross-pieces, which was not done on account of the willful failure of appellant to furnish appellee timbers of sufficient length and dimensions with which to do so, although he had frequently, before that time, requested it to furnish them; and that appellee was damaged thereby in the sum of $3,000, for which he sues. To this declaration, appellant pleaded not guilty. '

The grounds urged by appellant to reverse the judgment are, that the testimony in the record fails to prove by a preponderance of the evidence that it willfully failed to furnish timbers as charged, and that the court gave improper and refused proper instructions.

There is no dispute between the parties but that the evidence shows that appellant operated a coal mine at the time and place in question, and that appellee's leg was broken at the time and place and in the manner claimed, while he was mining coal in appellant's mine as charged. And the bill of exceptions shows that appellee testified in his own behalf, that for several days before his leg was broken, there were no timbers furnished by appellant for his use in propping and securing the roof of the room in the mine where he worked. And in order to get some, he requested Maggs, appellee's "timber boss" in the mine during that time, upon several different days before his leg was broken, to furnish him such timbers, and that when none were furnished, he reminded Maggs of it several times, and still he was unable to obtain any. It also shows that appellee was corroborated by his son, who worked during that time in the room with him; and also, in many particulars, by Johnson, who worked during that time in the room just north of and adjoining appellee; that several witnesses testified in behalf of appellee that timbers were furnished for appellee's room and left in the entry about twenty-five or thirty feet south of the entrance thereto, which was the

custom in the mine where a new room was not worked out deep enough to afford room to put them inside; and that the room appellee worked in was new, and the coal worked out for about fifteen or twenty feet, which did not afford sufficient room for such timbers to be left inside. And that in rebuttal, appellee testified the coal was worked out of his room for a distance of about thirty feet, which afforded ample space for such timbers, and that during the time in question, he looked in the entry, where appellant's witnesses said the timbers were left for use in his room, but there were none there.

The court gave the following instructions at the instance of appellee:

" 1. The court instructs the jury that if, under the evidence, you find the defendant guilty, then in estimating the plaintiff's damages it would be proper for the jury to consider the effect of the injury to the plaintiff, whether permanent or otherwise; also the use of his leg, his ability to attend to his affairs generally, in pursuing his ordinary trade or calling, if the evidence shows that these will be affected in the future, and also the bodily pain and suffering, the necessary expense of nursing and medical care and attendance, and also the loss of time, so far as these shown by the evidence, and all direct damages, present or future, if any has been proven, and his suffering in body and mind, if any, resulting from such injury, and give the plaintiff such damages as the jury believes from the evidence he has sustained by reason of such injury.

" 2. You are instructed that while the burden of proof in this case is on the plaintiff to prove the allegation in his declaration by a preponderance of the evidence, yet the plaintiff is not obliged to prove his said cause of action by any other or greater measure of evidence than a preponderance of the same.

" 3. The court instructs the jury that the preponderance of the evidence in regard to any fact or facts in question in a trial of a suit at law, does not necessarily depend upon the number of witnesses who testify upon opposite sides in regard to such fact or facts; in order to determine upon which side the preponderance of the evidence is, the jury should consider and carefully weigh all the facts and circumstances, and the testimony of each and all the witnesses given in evidence upon the trial of this cause, and

not excluded by the court. The jury are the judges of what weight should be given to such facts and circumstances, and the testimony of such witnesses, and the jury should give such facts and circumstances and the testimony of such witnesses such weight, and such weight only, as the jury believe that the same are justly entitled to in view of all the evidence in the case.

"4. The court instructs the jury that by the law of this State 'the owner, agent or operator of every coal mine shall keep a supply of timber constantly on hand of sufficient length and dimension to be used as props and cappieces, and shall deliver the same as required, with the miner's empty car, so that the workmen may at all times be able to properly secure said workings for their own safety.' It is further provided that 'if any injury to person or property is occasioned by any willful violation of this act or willful failure to comply with its provision, a right of action shall accrue to the party injured for any direct damage sustained thereby.' So in this case if you believe from a preponderance of the evidence that the defendant owned and operated the mine in question as alleged in the plaintiff's declaration, and you further believe from a preponderance of the evidence that the plaintiff was employed by the defendant for the purpose of digging coal in room number 5 on the fifth north entry of its mine, and you further believe from the evidence that prior to the morning of the accident, if the evidence shows there was an accident, the plaintiff ordered props from one Maggs, and you further believe that the said Maggs was the party intrusted by the company to attend to the taking of orders for props for the plaintiff in said mine, and you further believe from a preponderance of the evidence that the defendant willfully refused or neglected to furnish the props as required by the plaintiff, if the evidence shows that the plaintiff did require props, and you further believe by a preponderance of the evidence that by reason of the willful failure of the defendant to furnish such props, the plaintiff was unable to properly secure the workings in said room for his own safety, and that in consequence thereof a rock from the roof of said mine fell upon the plaintiff and injured him, as alleged in the plaintiff's declaration, then your verdict should be for the plaintiff."

And at the instance of the appellant, the court gave the following:

"1. The court instructs the jury that the law provides

that the owner, agent or operator of every coal mine shall keep a supply of timber constantly on hand of sufficient length and dimensions to be used as props and cap-pieces, and shall deliver the same as required, with the miners' empty car, so that the workmen may at all times be able to properly secure the said workings for their own safety; and that a right of action shall accrue to a party injured for or because of a willful violation or a willful failure to comply with provisions of this law. To willfully violate, or to willfully fail to comply with the provisions of the law, is to do so knowingly, purposely and intentionally. If the jury believe from the evidence that the defendant in this case did not knowingly, purposely and intentionally fail to furnish and deliver timber as required, with the miners' empty car, so that the plaintiff could secure his workings for his own safety, then the jury should find the defendant not guilty.

"2. The court instructs the jury that the averment in the plaintiff's declaration that the defendant, though often requested, willfully failed to deliver to the plaintiff timbers of sufficient length and dimensions to be used as props, is a material averment, and must be proved by the plaintiff by a preponderance of the evidence before he is entitled to a verdict. If the jury believe that the evidence is evenly balanced on this point then you must find the defendant not guilty.

"3. If the jury believe from the evidence that the room in the mine where the plaintiff was working at the time of the accident was a new room, and if the jury further believe from the evidence that it was the practice and custom, at the time of the accident, to deliver the timber for props and cap-pieces for new rooms in the entry of such new rooms, and if the jury further believe from the evidence that, at time of the accident, the defendant had delivered in the entry near the said new room, timber of sufficient length and dimensions to be used as props and cap-pieces, so that the plaintiff was able to properly secure his workings for his own safety, then the court instructs the jury to find the defendant not guilty.

"4. The court instructs the jury that the law provides that the defendant shall deliver the timber as required, with the miners' empty car, so that the plaintiff at all times would be able to properly secure the roof of his room for his own safety, and if the jury believe from the evidence that the defendant delivered in the miners' empty car in the entry near the room in the mine where the plaintiff was at work

at the time of the accident, timber of sufficient length and dimensions to be used as props and cap-pieces for the use of the plaintiff, so that the plaintiff was able to properly secure his workings for his safety, then the jury should find the defendant not guilty."

But the court refused to give the following asked by appellant:

" 1. The court instructs the jury that, in this case, the plaintiff must prove, by a preponderance of the evidence, a willful violation of the statute, or a willful failure to comply with one of its provisions, before he is entitled to a verdict; and that to willfully violate the statute, or willfully fail to comply with one of its provisions, is to do so knowingly, deliberately and intentionally. Mere non-compliance with the requirements of the statute is not necessarily a willful failure to observe such requirements but it must be a knowing, deliberate and intentional non-compliance."

" 4. The court instructs the jury that the law does not make it the duty of the owner, agent or operator of a coal mine to prop the roof of a room in a coal mine, but to keep a sufficient supply of timber constantly on hand of sufficient length and dimensions to be used as props and cap-pieces, and to deliver the same as required, with the miners' empty car, so that the workmen may at all times be able to properly secure the workings for their own safety.

" 5. The court instructs the jury that an employer is not bound to furnish an employe with an absolutely safe place in which to work. He is not an insurer of the safety of his employes, nor the perfection of the place where they are put to work. But, his obligation is to use ordinary and reasonable care to furnish a reasonably safe place, and if the jury believe from the evidence that the defendant furnished the plaintiff with a reasonably safe room in which to work, and that the defendant did not willfully fail to deliver, as required for the plaintiff, timber of sufficient length and dimensions to be used as props and cap-pieces so that the plaintiff was able to properly secure his workings for his own safety, then the jury should find the defendant not guilty.

" 6. The roof of the room where the plaintiff worked and was injured, was not provided by the defendant, but by nature. The defendant could not choose between that roof so provided and some other roof constructed by itself. And if the jury believe from the evidence that timbermen were not employed by the defendant to prop the roofs of rooms

in the mine, then the court instructs the jury that it was the duty of the plaintiff to carefully observe the roof of the room in which he worked and to set props and other artificial appliances wherever needed. It is the duty of the operators of coal mines to keep a supply of timber constantly on hand, of sufficient length and dimensions to be used as props and cap-pieces, and deliver the same as required, with the miners' empty car, so that the workmen may at all times be able to secure the said workings for their own safety. And in this case if the jury believe from the evidence that the defendant delivered as required, timber for props and cap-pieces of sufficient length and dimensions in the entry near the room where the plaintiff was injured and for the plaintiff, then the jury should find the defendant not guilty."

Counsel for appellant insist that it does not appear from a preponderance of the evidence that appellant willfully failed to furnish timbers for props and cap-pieces as provided by the statute in force when the injuries were received. Act of 1879, entitled "Miners," Ch. 93, S. & C. Ill. St.

In our opinion, however, there is sufficient testimony in this record (if believed), to warrant the conclusion that the "timber boss" knew for several days before appellee received his injuries, that timbers for props and cap-pieces were not furnished for use in appellee's room as required, and repeatedly requested by appellee during that time, and such knowledge and failure amount to a willful failure within the meaning of that term as used in Sec. 16 of said act. Catlett v. Young, 143 Ill. 74; Odin Coal Co. v. Denman, 185 Ill. 413.

We are unable to ascertain from a careful reading of all the testimony in the record and a candid consideration of it, that appellee and his witnesses ought to be disbelieved, rather than those who testified in behalf of appellant, and therefore we will not say the verdict of the jury is erroneous upon the frictional question in the case.

It is further insisted that, the testimony being conflicting on the question of appellant's willful neglect to furnish timbers, the instructions given at the request of appellant did not sufficiently give prominence to the fact that before appellee was entitled to a verdict, the jury must believe

Kellyville Coal Co. v. Yehnka.

from the evidence that appellant did willfully fail in that respect.

We find that appellee's fourth given instruction does make it both prominent and plain, and that the jury should believe from a preponderance of the evidence that appellant willfully failed to furnish timbers as charged, before finding a verdict for appellee; and that, by appellant's given instructions, numbers 1 and 2, the jury were again pointedly told that they must believe from the evidence that appellant willfully failed to deliver timbers as charged or they must find appellant not guilty.

Therefore it is not reasonable to believe that the jury did not fully understand from all the instructions given that they must find from the preponderance of the evidence that appellant willfully failed to furnish the timbers in question as charged, or their verdict should be for appellant.

It is contended that the court erred by refusing to give appellant's refused instructions, numbers 1, 4, 5 and 6.

A complete answer to that is that appellant's given instructions 1 and 2, contain all that is in its refused number 1; there is nothing in the pleadings or evidence to base its refused number 4 upon; and its refused numbers 5 and 6 do not state correct propositions applicable to a charge of willful violation of the miners act, or a willful failure to comply with its provisions, as expressly held in Consolidated Coal Co. v. Scheiber, 167 Ill. 539; Same v. Bokamp, 181 Ill. p. 19 of opinion; and Carterville Coal Co. v. Abbott, *Ibid.*, 495.

And finally, it is insisted that appellee's given instruction number 1, improperly permits the jury to allow appellee to recover for "his suffering in body and mind;" and we are referred to Jack v. Dankwordt, 85 Ill. 331, as sustaining this contention.

We find, upon examination of that case, that the instruction criticised there was "that if the jury find for the plaintiff, he, as the party aggrieved, is entitled to recover, not only for actual expenses, including medical attendance, but also a reasonable compensation for mental and bodily

suffering, loss of time, and for any permanent or incurable injury sustained by him, if you believe any has been proved." And Justice Sheldon said it "was improper in allowing compensation for mental suffering as a distinct element of damage, in addition to bodily suffering."

The instruction in this case permits the jury to allow appellee compensation for "his suffering in body and mind, if any, resulting from such injury." And such language has been repeatedly held to be proper in instructions on the measure of damages in negligence cases, especially where the injuries are willfully inflicted. H. & St. J. R. R. Co. v. Martin, 111 Ill. 219; City of Chicago v. McLean, 133 Ill. 148; Central Ry. Co. v. Serfass, 153 Ill. 379; West Brewery Co. v. Meredith, 166 Ill. 306, and Chicago City Ry. Co. v. Taylor, 170 Ill. 49. This instruction was therefore properly given.

Being of opinion there is no prejudicial error shown by the record, the judgment will be affirmed.