Robbins v. Diggins.

---

## ROBBINS v. DIGGINS *et al.*

**Pleading:** PROOF: IMMATERIAL VARIANCE: INSTRUCTION. Plaintiff, in an action for personal injury, alleged that she was walking north on C. street, and that defendants were driving south at a "furious rate of speed" on the same street, and that when they reached M. street they turned their horse suddenly to go up M. street, and before she could get out of the way the horse ran against her. *Held* that the direction in which the defendants were driving, as well as the rate of speed, was immaterial, and need not

be proved as alleged, but that the petition was sustained by evidence that defendants were driving east on M. street, and that they negligently ran upon and injured plaintiff (Code, sec. 2686); and an instruction that plaintiff could recover only upon proof of the literal averments of the petition was erroneous. (*Carter v. Railway Co.*, 65 Iowa, 287, and *Miller v. Railway Co.*, 66 Iowa, 364, *distinguished*.)

*Appeal from Buchanan District Court.*—HON. JOHN J. NEY, Judge.

FILED, OCTOBER 17, 1889.

ACTION at law to recover damages for a personal injury, alleged to have been received by the plaintiff by being knocked down and run over by a horse and buggy driven by the defendants. There was a trial by jury, and a verdict and judgment for defendants. Plaintiff appeals.

*Lake & Harmon*, for appellant.

*Hasner & McKee*, for appellees.

ROTHROCK, J.—I. The plaintiff is a woman aged sixty-six years. On the evening of October 2, 1888, after it became dark, she was walking north, along the east side of Chatham street, in the city of Independence. At the intersection of Mott street, she was struck by a horse driven to a buggy, and was knocked down and run over, and very seriously injured. The defendants, Diggins and Hennessey, and one Copeland, were riding in the buggy. Chatham street and Mott street cross each other at right angles. It was alleged in the petition that the plaintiff was walking north on Chatham street, and that defendants were driving south on the same street, and that when they reached Mott street they turned their horse suddenly to go up Mott street, and before she could get out of the way they ran the horse against her. It is also averred that they were driving the horse at a "furious" rate of speed. There is also the usual averment that the plaintiff was free from

contributory negligence. The evidence shows that the defendants did not drive south on Chatham street and turn at the intersection of Mott street, but that they came along Mott street from the west, and that whatever deviation was made by the horse was caused by the presence of the plaintiff at the crossing.

The court instructed the jury upon the question of negligence, as applied to the case made by the pleadings and evidence, as follows : "Now, you can consider no act of negligence except the act charged in the petition ; that is, that the defendants were driving south on Chatham street, at a furious rate of speed, and turned suddenly to go upon Mott street, and ran against her before she could get out of the way." This part of the charge to the jury was erroneous; and it was clearly prejudicial to the plaintiff. It was, in its substance, a direction to the jury to find a verdict for the defendants. The right to recover was made to depend upon the fact that the defendants were driving south on Chatham street, at a furious rate of speed, and turned suddenly to go upon Mott street. As we have stated, there is no evidence that the defendants came south on Chatham street. It is true, there was a variance between the allegation and the proof, but it was wholly immaterial. The substance of the averment is that the plaintiff was injured at the intersection of the streets, and it was wholly immaterial whether the defendants came upon the intersection upon a turn or curve or a straight line. It was a variance that could not have had the least tendency to prejudice the defendants in making their defense. No showing was made that defendants were surprised, and without such showing the variance should have been disregarded. Code, sec. 2686.

Counsel for the defendants cite to us the cases of *Carter v. Railway Co.*, 65 Iowa, 287, and *Miller v. Railway Co.*, 66 Iowa, 364, as sustaining the instruction of the court now under consideration. The cases cited merely determine that when a party suffered damages by fire set out by the operation of a railroad he could

not aver that the fire was set out by the negligent opera-
tion of a train, and, under that averment, prove that the
negligence consisted in permitting dry grass and weeds
to remain on the right of way ; or, in other words, that
a plaintiff could not be allowed to allege one kind of
negligence and prove another kind. The distinction
between these cases and the case at bar is apparent.

II.   It was also error to instruct the jury that they
could consider no act of negligence except driving at a
"furious rate of speed." The defendants are liable if
they negligently ran upon and injured the plaintiff. It
was not necessary to show that the speed was "furious."
It is true the petition averred that the speed was "furi-
ous;" but, no matter what extravagant adjectives a
pleader may use, the law does not require more evidence
than is necessary to entitle him to the relief asked for.
Code, sec. 2729.                           REVERSED.