## INDIANAPOLIS STREET RAILWAY COMPANY
## v. MARSCHKE.

[No. 20,830. Filed May 18, 1906.]

1. MUNICIPAL CORPORATIONS. — *Streets.* — *Use of.* — *Street Railroads.*—The streets of a city belong to the public, and a city's grant of a right to operate street cars thereon is not an abandonment by the public of that part of such street used by the street car company. p. 493.

2. STREET RAILROADS.—*Rights of Precedence.*—*Care Required.*— While street railroad companies have the right to precedence in the use of the portions of the streets occupied by their car tracks, they must use due care to avoid injuries to other vehicles and to persons. p. 493.

3. SAME.—*Collisions.*—*"Look-and-Listen" Rule.*—*Applicability.*— The "look-and-listen" rule is not fully applicable to the crossing of street railroads, the motormen of street cars and the drivers of other vehicles owing reciprocal duties to use reasonable care to avoid any injuries. p. 493.

4. SAME.—*Negligence.*—*Contributory.*—*Running Down Vehicle.* —*Question for Jury.*—The question of the contributory negligence of a driver who, in passing a wagon on the right of the street, drives upon the car track, looking back and listening for the approach of a car when she turns thereon and seeing none, and is struck by a car, is for the jury. p. 494.

5. SAME.—*Person on Track.*—*Presumption that Motorman Will Stop.*—Where a driver is attempting to pass other vehicles, and in so doing drives upon the street car track, no car being close, she has the right to assume that the motorman of an approaching car will check his car and not run against her. p. 494.

6. NEGLIGENCE.—*When for Jury.*—Where the questions of negligence and contributory negligence are such that reasonable men might differ, such questions are for the jury. p. 495.

Indianapolis St. R. Co. *v.* Marschke—166 Ind. 490.

7. EVIDENCE. — *Objections.—Exceptions.—Appeal and Error.—* Where no exception was saved to the admission of alleged incompetent evidence, no question can be raised thereon. p. 495.

8. PLEADING.—*Complaint.—Negligence.—Several Acts Alleged.— Proof of One.*—Where negligence in running against plaintiff's buggy is alleged along with other specific acts of negligence, proof of negligence in running into such buggy entitles plaintiff to a judgment. p. 495.

9. SAME. — *Complaint. — Street Railroads. — Negligence.—Last Clear Chance.*—Where the complaint against a street railroad company alleged negligence in running at a high rate of speed, in failing to sound the gong and in running into plaintiff's buggy, a recovery is permitted on proof that the motorman saw plaintiff's perilous position on the track in time to avert the alleged injury, the injury caused by the wrongful act or omission being the gravamen of the action. p. 496.

10. APPEAL AND ERROR.—*Supreme Court Rules.—Briefs.*—Where appellant fails to set out in its brief in words or substance the alleged erroneous instructions no question thereon is presented. p. 497.

11. TRIAL. — *Verdict. — General. — Special.—Which Prevails.—* Where the answers to the interrogatories to the jury are in such irreconcilable conflict with the general verdict that no evidence admissible under the issues could avoid such conflict, the answers control the general verdict. p. 497.

12. SAME. — *Verdict. — General. — Special.—Street Railroads.— Running Into Vehicles.*—Answers to the interrogatories to the jury showing that plaintiff's buggy was struck 100 feet from where she turned toward the car tracks in order to pass a wagon in front, and that the motorman could see that she was attempting to pass such wagon when the car struck her buggy, are not in irreconcilable conflict with a general verdict for plaintiff. p. 497.

From Superior Court of Marion County (20,706); *Vinson Carter,* Judge.

Action by Bertha A. Marschke against the Indianapolis Street Railway Company. From a judgment on a verdict for plaintiff for $950, defendant appeals. Transferred from Appellate Court under subd. 2, §1337j Burns 1901, Acts 1901, p. 565, §10. *Affirmed.*

*F. Winter,* for appellant.

*P. W. Bartholomew* and *R. F. Stuart,* for appellee.

GILLETT, C. J.—Action for personal injury. There was a verdict and a judgment for appellee.

The principal question in the case is whether the evidence shows that appellee was guilty of contributory negligence. Upon some points there was a sharp conflict in the testimony, but assuming, as we must, that the jury followed the evidence which was most favorable to appellee, the following may be said to be the facts: About 8 o'clock a. m. of a day in August, appellee was driving in a single buggy to the southeast, down one of the approaches of the Virginia avenue viaduct, in the city of Indianapolis. The driveway at that place is fifty feet wide, and there is a street car track on either side of the center of the street. Four lines of cars used these tracks. Virginia avenue, Louisiana street and New Jersey street intersect on said approach, about a block and a half from the crown of the viaduct. Appellee was driving on the southwest side of the street. Her horse was going at an ordinary trot. She knew that cars frequently passed along said tracks. At a point about two hundred feet from said street intersection she turned toward the track nearest her, for the purpose of passing a heavy wagon that was slowly moving in the direction in which she was going. Appellee knew that the southeast-bound electric cars used said track, and as she turned in that direction she glanced back up the track, and also listened. She did not hear a gong, nor did she hear a car moving on the viaduct. She continued to drive near the southwest rail of said track until she was opposite the wagon, and at about the center of the intersection of said streets, when the running-board of appellant's street car, which had approached her from the rear, came into contact with the left hind wheel of her buggy, throwing her out and injuring her. The car was running, according to the testimony of some of the witnesses, at the rate of about twenty miles per hour, and there was no gong sounded.

From side to side a city street belongs to the public.

*State* v. *Berdetta* (1880), 73 Ind. 185, 38 Am. Rep. 117.

1. A permission granted by the authorities to an electric railroad company to lay tracks on a public street and operate electric cars along the same, does not amount to an abandonment in favor of the company of the space occupied by the tracks. As the cars cannot turn out, and as their speed is usually greater than that of many other conveyances, they are entitled to the

2. precedence which the necessity of the situation requires, but their movements should be regulated with a due regard to the situation of the drivers of other vehicles. *Commonwealth* v. *Temple* (1859), 14 Gray 69, 78; *Vincent* v. *Norton, etc., St. R. Co.* (1901), 180 Mass. 104, 61 N. E. 822; *Benjamin* v. *Holyoke St. R. Co.* (1893), 160 Mass. 3, 35 N. E. 95, 39 Am. St. 446; *Marden* v. *Portsmouth, etc., St. R. Co.* (1905), 100 Me. 41, 60 Atl. 530, 69 L. R. A. 300; *Greene* v. *Louisville R. Co.* (1905), 27 Ky. Law 316, 84 S. W. 1154; Baldwin, American Railroad Law, 421. It is a mistake to assume

3. that the "look-and-listen" rule, which has found such universal acceptance with the courts in stating the quantum of care which a traveler crossing a steam railroad should ordinarily exercise, applies in all of its vigor to persons proceeding in vehicles along electric railroads in public streets. While the electric street car is expected, over much of its route, to move with comparative swiftness, yet it is a vehicle of the street, and the motorman is expected to exercise reasonable care in dealing with the various conditions with respect to travel that confront him. As stated by Mr. Justice Holmes, in *White* v. *Worcester, etc., St. R. Co.* (1896), 167 Mass. 43, 44 N. E. 1052: "Electric cars are far more manageable, and more quickly stopped, than trains upon steam railroads. Their tracks are in the highway, where all vehicles have a right, not merely to cross, but to travel. In view of the inability of the cars to leave their tracks, it is the duty of free

vehicles not to obstruct them unnecessarily, and to turn to one side when they meet them, but subject to that and to the respective powers of the two, a car and a wagon owe reciprocal duties to use reasonable care on each side to avoid a collision."

We have not here to deal with a case involving a sudden and unexpected turning of a vehicle onto the track, coupled with a failure to look and listen, as in *Seele* v. *Boston, etc., St. R. Co.* (1905), 187 Mass. 248, 72 N. E. 971. If the collision complained of by appellee had occurred just as she turned toward the track, a different question would have been presented, but for some distance she was driving very near the track, and the jury was authorized to conclude that her purpose to go around the wagon should have been apparent to the motorman. See *Goodson* v. *New York City R. Co.* (1905), 94 N. Y. Supp. 10.

While we recognize that the right of the company is superior in point of precedence, that the driver should not obstruct the operation of the cars, and that a person who without care drives along the track may subject himself to the charge of contributory negligence, yet where, as here, there was an excuse for driving near the track, and some degree of care exercised in respect to looking and listening a short time before the injury, and with the burden resting on appellant to show contributory negligence, we hold that it is not error to submit the question to the jury. It must not be forgotten that a person driving along a street railroad track in broad daylight has a right, at least in some degree, to indulge in the supposition that if a car is approaching from the rear a proper lookout is being maintained thereon, and that ordinary care not to injure him will be exercised. *Greene* v. *Louisville R. Co., supra; Ablard* v. *Detroit United Railway* (1905), 139 Mich. 248, 102 N. W. 741; *Memphis St. R. Co.* v. *Haynes* (1904), 112 Tenn. 712, 81 S. W. 374. And see

*Stringer* v. *Frost* (1888), 116 Ind. 477, 2 L. R. A. 614, 9 Am. St. 875.

As is well understood, where a question as to negligence or contributory negligence is presented in such a way that jurors, as reasonable men, might fairly differ as to the deduction to be drawn on that subject, the question becomes a mixed one of law and fact; and so here, in view of the circumstances, and bearing in mind that the burden was on appellant to show contributory negligence, we are of opinion that it cannot be said, as a matter of law, that such defense was made out. *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Vincent* v. *Norton, etc., St. R. Co., supra; Marden* v. *Portsmouth, etc., St. R., supra; Macon R., etc., Co.* v. *Barnes* (1904), 121 Ga. 443, 49 S. E. 282; *Greene* v. *Louisville R. Co., supra; Ablard* v. *Detroit United Railway, supra; Rouse* v. *Detroit Electric Railway* (1904), 135 Mich. 545, 98 N. W. 258, 100 N. W. 404; *Memphis St. R. Co.* v. *Haynes, supra.* And see *Evansville St. R. Co.* v. *Gentry* (1897), 147 Ind. 408, 37 L. R. A. 378, 62 Am. St. 421.

Objection is made that a witness was permitted to testify as to the customary speed of cars, running down said incline, at and before the accident. While the record shows that counsel for appellant stated his objections at length to a question concerning such matter, and reserved an exception to the ruling of the court, yet we find no exception reserved to the question by which the answer was finally elicited.

It is claimed that the trial court submitted to the jury a question which was outside of the issues, in instructing with reference to a liability based on the hypothesis of a failure to exercise reasonable care after it became apparent to the motorman that a collision was likely to occur. This, in substance, is the doctrine of last clear chance. The complaint does, in its preliminary allega-

tions concerning negligence, characterize as negligent a running at a high speed and a failure to sound the gong, but the averment concludes with a charge of negligence in running the car upon and against plaintiff's buggy, thereby injuring her. We are of opinion that the complaint should not be construed on the theory that it required all of the more specific charges of negligence to be proved to make out a case. The specific characterizations of the complaint may give a more vivid idea of the manner in which it was claimed that the accident occurred, but, after all, the whole thing, in substance, is a charge that the defendant negligently ran its car into the plaintiff's buggy. Even at common law it was the rule that it was enough if the substance of the issue was exactly proved. Andrews' Stephen, Pleading, p. 176; *Owen* v. *Phillips* (1881), 73 Ind. 284; *Phoenix Mut. Life Ins. Co.* v. *Hinesley* (1881), 75 Ind. 1. In such a case as this the injury caused by the wrongful act or omission of the defendant is the gravamen of the action. *Harper* v. *City of Milwaukee* (1872), 30 Wis. 365. We are of opinion that appellee was entitled to recover if the jury found that the hypothesis which the instruction contained was maintained by the evidence. As was said in *Robbins* v. *Diggins* (1889), 78 Iowa 521, 524, 43 N. W. 306, in considering the propriety of an instruction to the effect that the plaintiff must prove the allegation of negligence as laid: "The defendants are liable if they negligently ran upon and injured the plaintiff. It was not necessary to show that the speed was 'furious.'" See, also, *Busse* v. *Rogers* (1904), 120 Wis. 443, 98 N. W. 219, 64 L. R. A. 183. In *Crowley* v. *Burlington, etc., R. Co.* (1885), 65 Iowa 658, 20 N. W. 467, 22 N. W. 918, complaint was made of an instruction as to a liability of the defendant if it failed to use reasonable care after it had discovered the plaintiff's negligence, on the ground that there was no averment to that effect. The court said: "We do not think

such an allegation is necessary to be made in the petition. It is a phase of the rights and obligations of the parties which arises upon the proofs rather than by pleading. We know of no rule of pleading which requires the plaintiff in actions of this character to confess negligence on his part, and avoid it by alleging that the defendant might have averted the injury by using proper care after the discovery of plaintiff's peril." And so here, appellee had a right, having offered evidence in support of the gist of her charge, to have the question of negligence submitted to the jury, either as she had characterized it or in accordance with the gravamen of the allegation.

Appellant has no reason to complain of instruction eight given by the court. As to the other rulings in the giving or refusal of instructions, concerning which appellant's counsel but little more than suggests error, it may be said that there has been no attempt to comply with rule twenty-two of this court in respect to such instructions; neither their language nor their substance can be found in the briefs, and therefore we shall not pause to discuss them. See *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368.

Appellant's counsel raises the question as to whether it was entitled to judgment in its favor based on the jury's answers to special interrogatories. We need scarcely say that to justify the sustaining of such a motion the answers must make out a case of such antagonism between them and the general finding on some vital point as not to be capable of being removed by any evidence which would have been admissible under the issues. It is true that the jury stated that the point where appellee began to turn her buggy was not farther than one hundred feet from the point where she was struck, but in answer to the question whether there was anything, before she turned, to indicate to the motorman that she intended to turn to pass the wagon, the jury answered: "Yes,

the wagon." This being true, the motorman was not at liberty to continue to proceed at a high speed and without sounding the gong. *Adams* v. *Camden, etc., R. Co.* (1903), 69 N. J. L. 424, 55 Atl. 254.

Judgment affirmed.