## Indianapolis Street Railway Company *v.* Demaree.

[No. 5,916.  Filed March 19, 1907.  Rehearing denied June 25, 1907.]

1.  TRIAL.—*General Verdict.—Effect.*—The general verdict carries with it a finding of all the material facts, within the issues, necessary to its support.  p. 230.

2.  NEGLIGENCE.—*Evidence.—Trial.*—Contributory negligence must be found upon a consideration of all of the evidence and not upon a part only.  p. 231.

3.  TRIAL.—*Interrogatories.—Street Railroads.—Injuries to Travelers.*—Answers to interrogatories to the jury showing that plaintiff, after looking for the approach of a car and seeing none, attempted to drive across the street railroad tracks, when he was struck by a car coming from the rear and which could have been stopped in time to avoid the collision, are not in conflict with a verdict for plaintiff.  p. 231.

4.  STREET RAILROADS.—*Excessive Speed.—Collisions.*—A street railroad company, operating a car at an excessive speed, cannot

Indianapolis St. R. Co. *v.* Demaree—40 Ind. App. 228.

escape liability for a collision which it, in the exercise of ordinary care, could have prevented but for such excess. p. 231.

5. TRIAL.—*Evidence.—Conflict.—Question for Jury.*—Where the evidence upon a question is conflicting, such question is for the jury. p. 231.

6. STREET RAILROADS.—*Exercise of Care.—Judicial Absolution'from Liability.*—Street railroad companies should base freedom from liability upon the exercise of care commensurate with the dangerous results likely to flow from their collisions with travelers, rather than upon judicial declarations that the traveler who fails to escape, is *ipso facto,* guilty of contributory negligence. p. 231.

7. TRIAL.—*Instructions.—Street Railroads.—Travelers.*—An instruction that it is the duty of a street railroad company to exercise care and diligence to prevent injuries to travelers on the street, and for a failure thereof such company is liable, is correct. p. 232.

8. SAME.—*Instructions Requested Covered by Those Given.*—Instructions requested, which are already covered, should be refused. p. 232.

From Morgan Circuit Court; *Joseph W. Williams,* Judge.

Action by David L. Demaree against the Indianapolis Street Railway Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, Oscar Matthews, G. W. Grubbs* and *W. H. Latta,* for appellant.

*Hanna & Dailey, Middleton & Drybread* and *Renner & McNutt,* for appellee.

ROBY, P. J.—Action by appellee; verdict and judgment against appellant for $2,000. Errors relied upon are based upon the overruling of appellant's motion for judgment on the answers to the interrogatories notwithstanding the general verdict, and the overruling of its motion for a new trial.

It is shown by the answers to the interrogatories that East street, in the city of Indianapolis, runs north and south, intersecting Washington and Ohio streets, which run east and west. The distance between the two last-named streets is 905 feet, which distance was, on the day of the accident, traversed by appellant's double-track street-car line, such tracks being five feet apart, equally distant from the center

of the street, and the roadway on the outside of each track was seventeen and one-half feet wide. Appellee, on the day of the accident, was driving a one-horse, open vehicle south along the west side of East street, approaching Washington street. When 225 feet north of Washington street he turned and started to drive across the car tracks in a southeasterly direction, for the purpose of watering his horse at a public fountain on the east side of said street. One of appellant's cars, which had turned into East street from Ohio street, ran thence south at the rate of from fifteen to twenty miles an hour, and struck appellee's vehicle, its rate of speed at the instant of collision being eight to ten miles an hour. Appellee was a man sixty years of age, in possession of his faculties, and familiar with the operation of street-cars. He looked to the north before driving upon said track, and crossed immediately behind a north-bound car. The view along the street was not obstructed. He did not see the south-bound car, and the danger was not apparent to him. The gong on the car was not sounded, the motorman did not do all that he could to prevent a collision after the plaintiff started across the street. The car was not at that time so close that a collision was unavoidable. If the car continued at the same rate it was running when he started across it would necessarily strike him.

In appellee's first paragraph of amended complaint he averred that appellant was negligent in running said car at a high and dangerous rate of speed, without giving any warning of its approach. This averment is repeated in the second paragraph, with the addition that, after striking appellee, appellant's motorman negligently failed to stop the car, pushing appellee before it along the track a great distance, to wit, fifty feet. The general verdict carries 1. with it a finding upon all material facts within the issues and necessary to its support. The claim is that the facts exhibited show appellee to have been contributorily negligent. Some of the facts stated would tend, as

a matter of evidence, to show such negligence, and 2. were proper for the consideration of the jury, upon whom it devolved to find the ultimate fact from a consideration of all and not part of the evidence relevant thereto. *Indianapolis St. R. Co.* v. *O'Donnell* (1905), 35 Ind. App. 312; *Indianapolis St. R. Co.* v. *Schmidt* (1905), 35 Ind. App. 202; *Union Traction Co.* v. *Vandercook* (1904), 32 Ind. App. 621.

The relative rights of car companies and travelers have been so recently and exhaustively considered as to render a statment thereof unnecessary at this time. The 3. facts developed by said interrogatories are not sufficient to overthrow the general verdict. *Indianapolis St. R. Co.* v. *Marschke* (1906), 166 Ind. 490; *City of Indianapolis* v. *Keeley* (1906), 167 Ind. 516; *Indianapolis St. R. Co.* v. *Bolin* (1906), 39 Ind. App. 169; *Indianapolis St. R. Co.* v. *Schmidt, supra.* There was no error in overruling the motion for judgment.

A considerable number of reasons for a new trial were stated in the motion therefor. Some of them are waived by a failure to discuss, and a part only will be taken up in this opinion. The evidence tends to support the verdict. So far as the negligence of the appellant is concerned, 4. there is not much room for dispute. The car was run at a high rate of speed along a city street. If the motorman, after discovering appellee's peril, was unable to stop or check his car, such fact was fairly attributable to the excessive rate at which the car was run and his 5. failure to keep said car under control. There was a conflict of evidence as to whether the gong was sounded, and the question was, therefore, for the jury.

Appellee started to drive across the street to water his horse at a public fountain. He waited until a north-bound car passed, and drove across the street behind it. 6. Other street-cars were passing on Washington street. There was nothing apparently reckless or unusual in

appellee's conduct, and the conclusion that the accident by which he was seriously injured was caused by appellant's failure to regard and respect his right to be upon the street, and to operate and control its car in view of said right was a reasonable one. The sure protection of appellant company from liability for damages on account of collision lies, not in judicial declarations that a traveler, who does not escape, is *ipso facto* guilty of contributory negligence barring recovery, but in the exercise of care upon its own part. When it runs and controls its cars, with regard to the rights of others, in view of the serious results likely to follow collision between them and lighter vehicles or footmen, the basis for its denial of liability will be much strengthened.

By the seventh instruction given the jury was told that it was appellant's duty to exercise care and diligence to prevent injuries to persons lawfully traveling the streets occupied by its tracks, and that for a failure so to do it would be liable in damages. The statement was unobjectionable. The jury was also instructed in great detail upon the subject of contributory negligence, as requested by appellant. The ninth instruction given was taken from the opinion in *Indianapolis St. R. Co.* v. *Seerley* (1905), 35 Ind. App. 467. Upon the authority of that and subsequent cases it is approved. *Indianapolis St. R. Co.* v. *Darnell* (1904), 32 Ind. App. 687; *Indianapolis St. R. Co.* v. *Bolin, supra; Indianapolis St. R. Co.* v. *Marschke, supra.*

The instructions given, taken in their entirety, were very complete, and those requested by appellant and refused were substantially included in them.

There is no reversible error shown by the record, and the judgment is therefore affirmed.