[No. 3829.]

COLORADO SPRINGS AND INTERURBAN RAILWAY COMPANY V. MARR.

1. TRIAL—*Pleading and Evidence—Variance.* Where the instructions direct the attention of the jury to the real question in issue, a variance not misleading will be disregarded. (52)

The complaint of a passenger against the carrier alleged that while plaintiff was upon the step of defendant's car, and in the act of alighting,

the car was violently started, etc. The evidence was that plaintiff had in fact alighted, and had placed her knee upon the running board, in the act of reaching for her luggage, and that while so engaged and in full view of the conductor, the car was started. Judgment for plaintiff was affirmed. (51, 52)

2. DAMAGES—*Pleading as to.* Pain and suffering, the natural consequences of a physical injury, may be allowed for, though not specifically demanded. (55)

3. ——.*Evidence as to.* Action by a housewife for personal injuries. The evidence showed that prior to the injury plaintiff had been accustomed to do her own housework, to entertain her friends, and prepare for them elaborate meals, and that since the injury she had been a chronic invalid. An instruction that plaintiff was not to be allowed for her inability to perform her household duties, or for her inability to entertain her friends, or for loss of time, either past or future, was held properly refused. (52)

4. INSTRUCTIONS—*To be Construed as a Whole.* Action by passenger against carrier for injuries attributed to the negligent setting in motion of the car while plaintiff was in the act of alighting. An instruction told the jury that the action was for negligence in the operation of the car, "in stopping and starting it." There was no allegation or proof of negligence in stopping the car. Other points of the charge fully presented to the jury that plaintiff claimed for negligence in starting the car. *Held* that construed as a whole the charge was not misleading. (54)

An instruction declared that plaintiff was claiming for the "negligent manner in which the defendant operated and controlled its car." It was argued that this assumed negligence on the part of defendant. By another point in the charge the jury were told that "the burden of proof rests upon plaintiff to establish the negligent acts of which he complains." The contention was overruled. (53, 54)

5. PLEADING—*Certainty.* The averment of facts showing negligence will suffice, though there is no express allegation of negligence. (54)

6. NEGLIGENCE—*Definition.* A charge that "negligence is the failure to observe, for the protection of others, that degree of care, precaution, and vigilance, which the circumstances demand," sustained. (53, 54)

7. PASSENGER CARRIER—*Duty to Passenger.* A charge that it is the duty of a public carrier "to exercise the highest degree of care, skill, and vigilance, reasonably practicable in the conduct of its business, to avoid injury to the passenger," was sustained, though making no allusion to "the mode and character of the conveyance." (53, 54)

*Appeal from El Paso District Court.* HON. W. S. MORRIS, Judge.

MESSRS. CHINN & STRICKLER for appellant.

MESSRS. ORR, ROBINETT & MASON for appellee.

MORGAN, Judge.

The defendant company appeals from a judgment against it for $5,500 in the El Paso District Court on a complaint for

damages for personal injuries sustained while plaintiff was alighting from one of defendant's street cars on August 16, 1908.

Eighty-one assignments of error are discussed under the following contentions:

(1)  That there was a variance between the pleading and the proof concerning the circumstances under which the plaintiff sustained injuries; (2) that the court erred in giving and refusing instructions; (3) in admitting testimony to which defendant objected; and (4) that the verdict was excessive.

The complaint alleges that "plaintiff stepped down upon the step of said car,  *  *  *  and while she was upon the step of said car and in the act of alighting therefrom  *  * *  said car was  *  *  .*  by defendant company carelessly and negligently caused to suddenly and violently start forward, thereby  *  *  *  throwing her off her balance and throwing her violently and forcibly from said car to the ground."

Plaintiff testified: "I got off the car  *  *  *  and turned round with my face toward the motorman and began to take this luggage off the car,  *  *  *  and found I could not reach it, and I then put my right knee well up on the running board and leaned over to get this other piece of luggage, and  *  *  *  while I was reaching out  *  *  *  it started  *  *  *  and I was thrown."

Her daughter testified that plaintiff—"Did not get off until it came to a stop, then she reached up for the baggage, and  *  *  *  put one knee on the running board."

Defendant contends this testimony was at variance with the allegations, and that the court should have sustained a motion for a directed verdict. Such contention is clearly disclosed by the following quotation from the brief of counsel, wherein it is contended that such testimony shows that— "the company started up the car *after* she had alighted therefrom and when she had *returned to the car* and placed herself

partially on it for the purpose of taking hand baggage there-from; * * * there was no allegation and no evidence that the defendant knew or ought to have known that * * * she intended *to return to the car* for the purpose of taking hand baggage therefrom *after* safely alighting at her destination." (Italics ours.)

The gravamen of the charge in the complaint is that the defendant was *negligent in starting the car while the plaintiff was in the act of of alighting.*

The plaintiff testified that her skirts and clothing were never, at any time, free from the car before it started up and threw her to the ground. The testimony further shows that she and her daughter were sitting in the seat side by side, with hand baggage on the floor, that she was on the outside, and started to get off first, that the daughter fell back into the seat when the car started, and did not get off until after the accident; that the conductor saw them get on, and was in full view of the plaintiff when she was getting off, and had ample opportunity to ascertain that she had not completed the act of alighting when the motorman started the car.

The court instructed the jury that it was the duty of the defendant "to ascertain before starting the car that the plaintiff was not then in the act of alighting;" and further, "If, therefore, you are satisfied from a fair preponderance of all the evidence introduced on the trial that the defendant neglected such duty, and negligently started the car, with a sudden and violent jerk, while plaintiff was alighting therefrom, * * * then the defendant is liable, etc.; and further, "the specific act of negligence alleged is that the defendant carelessly and negligently caused said car to suddenly and violently start and jerk forward while said plaintiff was on the step thereof, * * * and in considering the negligence of the defendant company you will devote your attention to a consideration of that specific act of negligence and no other; and you are further instructed that unless you believe from a preponderance or greater weight of the evidence that the

defendant caused said car while it was standing still, and while plaintiff was upon the running board thereof and *in the act of alighting therefrom,* to violently start and jerk forward, thereby throwing the plaintiff to the ground, your verdict must be for the defendant." (Italics ours.)

The defendant was not misled by the slight difference, if any, between the pleading and the proof, in view of the instructions. The court restricted the jury to the allegations, and correctly stated the law applicable thereto and to the proof. *Cincinnati, H. I. & R. Co. v. Revalee,* 17 Ind. App. 657, 46 N. E. 352; *Robbins v. Diggins,* 78 Iowa 521, 43 N. W. 306; *Montgomery v. Colo. Spgs. & I. Co.,* 50 Colo. 210, 213, 114 Pac. 659.

The first contention of the defendant concerning the instructions is that the court erred in refusing two requests: (1), that the jury be instructed that they could not "allow plaintiff anything by way of damages to compensate her for her inability to perform her ordinary household duties or for her inability to entertain her friends;" and (2), that they could not allow her "anything for loss of time that she may have sustained or which she may in future sustain, if any, by reason of the injuries complained of, if any." The contention is that as the plaintiff was permitted to testify over objection that she did her own housework *before* the accident and enjoyed getting up big dinners and lunches, and had been a chronic invalid *since* the accident and not able to do anything; that she had been in the habit of entertaining her friends *prior* to the injury, and was unable to do household duties *since* then, the court should have given the instruction requested. It was not reversible error to refuse these requests, for the reason that such testimony seems to have been offered to prove plaintiff's physical condition, and it tended to prove the extent of her injuries, alleged, and the condition in which she was left. The court instructed the jury as to what they should consider in measuring plaintiff's damages and that they should allow damages only for injuries complained of and pleaded by the

plaintiff. This contention is fully disposed of against the de-
fendant in the following cases: *City of Denver v. Human,*
9 Colo. App. 144, 47 Pac. 911; *Colo. Spgs. Int. Ry. Co. v.
Nichols,* 41 Colo. 272, 92 Pac. 691, 20 L. R. A. (N. S.) 215;
*Denver City Tramway Co. v. Cowan,* 51 Colo. 64, 116 Pac.
136.

(2) The second contention concerning the instructions
consists in errors claimed as to the giving of instructions 1, 3,
6, 7; the alleged erroneous portions of which are as follows:

1: "The plaintiff in this action claims *as the result of
the careless and negligent manner in which the defendant
company conducted, operated and controlled a car* along its
line of road, and upon which car the plaintiff was a passenger,
in stopping and starting said car at a time when the plaintiff
alighted therefrom."

3: "The court instructs the jury that negligence is the
failure to observe, for the protection of the interests of others,
that degree of care, precaution and vigilance which the cir-
cumstances justly demand, whereby such other person suffers
injury."

6: "It was the duty of defendant to exercise the highest
degree of care, skill and vigilance, reasonably practicable in
the conduct of its business, to avoid injuring the plaintiff,
and to afford her an opportunity to safely alight from the car
on which she was riding."

7: "You may take into consideration the nature and
character of the injuries, the *mental and physical pain,* if any,
she has suffered, or will suffer as the proximate result of such
injuries, whether such injuries and suffering have been pleaded
by the plaintiff in her complaint, and proven by a fair
preponderance of all the evidence introduced on the trial."

In number 1, it is contended, the court assumed, as a
matter of fact, that the company operated its car in a careless
and negligent manner; that there is no allegation of such negli-
gence, and no allegation of negligence in *stopping.*

The answer to these contentions is: the court was stating, in a general way, the claims of plaintiff and also of the defendant; and furthermore, in another place, the court specifically instructed the jury that "the burden of proof rests upon the plaintiff to establish  *  *  *  the negligent acts of the defendant of which she complains herein, and referred to in these instructions."

While the complaint does not allege in specific words, negligence in *operating*, it states the facts showing it; and while it is true there is no specific allegation of negligence in *stopping*, the other instructions fully present to the jury that the negligence complained of, was in *starting* the car, while the plaintiff was in the act of alighting.

While the definition of negligence in instruction number 3, is not word for word, the same as our courts have usually given, it is a correct definition (2 Cooley on Torts, 3 Ed., page 1325, 29 Cyc., 415), and one that was held good in the late case of this same *Company v. Allen*, 135 Pac. 790, in a case very similar to this. Furthermore, this definition was immediately followed by a definition requested by defendant.

In Number 6, it is contended that the words used are not the same as used in the case of *Colorado Company v. Mc-George*, 46 Colo. 15, 18, 102 Pac. 747-748, 133 Am. St. 43, Ann. Cas. 880. The instructions are practically the same, although the one given does not contain the words, "in view of the mode and character of the conveyance." The words, "reasonably practicable in the conduct of its business," fairly convey the same meaning, the evidence considered.

The contention as to number 7 is that the jury could, under this instruction, find damages for mental and physical pain and suffering, and many other items of damage not alleged, or claimed, in the complaint, but referred to in the testimony, such as: melancholy feeling, pain, inability to entertain her friends, to get up big dinners, having gray hair, losing her hair, etc., but this instruction further restricted the jury as follows: "Providing such injuries and suffering have

been pleaded by plaintiff in her complaint." · Furthermore, the authorities, quite generally, agree that damage for pain and suffering may be proved and found without specially pleading it, in cases where pain and suffering are inseparable from the physical injury, and are a natural consequence thereof. *Gronan v. Kuckkuck,* 59 Ia. 18, 12 N. W. 748-9, wherein the court says: "But as mental pain is the natural and inevitable result of personal injury, damages therefor need not be specially pleaded." *Oolitic Stone Co. v. Ridge,* 774 Ind. 558, 91 N. E. 944, 951; *Western Brewing Co. v. Meredith,* 166 Ill. 306, 46 N. E. 720; *Louisville & Nashville R. Co. v. Dickey,* (Ky.) 104 S. W. 329; *Montgomery v. Lansing Elec. Ry. Co.,* 103 Mich. 46, 61 N. W. 543, 29 L. R. A. 287.

There was no error in the admission and exclusion of evidence.

The verdict was not excessive. No good will be accomplished by reciting all the injuries sustained and then saying, under such facts the verdict was not excessive. There is no new question raised or involved on the subject. No authorities are cited, nor is any new point raised, or old one, upon which a question of law arises. The injuries proved would have justified a larger verdict.

The judgment is affirmed.

CUNNINGHAM, P. J., not participating.